UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GEORGE ALLEN DRISKELL, JR.,  AND | § | CASE NO. 14-52613 |
| ALEJANDRA ALVAREZ DE DYER, | § | |
| | § | |
| Debtors. | § | CHAPTER 7 |

**THE STATE OF TEXAS'
MOTION TO COMPEL NOTICE TO DEFRAUDED CONSUMERS (FORMER
CLIENTS) AND MOTION TO SEAL LIST OF THOSE CREDITORS**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief
requested herein may be granted without a hearing being held.
A timely filed response is necessary for a hearing to be held.**

COMES NOW, the State of Texas ("State"), by and through the Texas Attorney
General's Office, and respectfully requests that, pursuant to 11 U.S.C. §§ 105(a), 107(b)(2)
and/or (c)(1), this Court compel George Allen Driskell, Jr. and Alejandra Alvarez De Dyer
(collectively, the "Debtors") to provide notice of the above styled and numbered bankruptcy case
to their former customers ("consumers") and to compel the filing of such notice under seal in
order to protect the privacy rights of the consumers.   In support of this Motion, the State
respectfully asserts as follows:

**I.      OVERVIEW**

Prior to filing this bankruptcy case, the Debtors fraudulently operated an immigration law
firm in Bexar County, Texas.   The Debtors are not attorneys, yet they solicited and offered legal
services to consumers nationwide in exchange for compensation.   Upon information and belief,

many of the consumers never received the services for which they paid and have suffered both financial and other harms (including, *e.g.*, deportation).    As a result of the fraudulent acts perpetrated by the Debtors, the State contends that these consumer victims (the former clients of the Debtors) are creditors in this bankruptcy case and therefore, entitled to notice of the case. However, it does not appear that the consumers are listed on the creditor matrix or otherwise on the Debtors' schedules.    Accordingly, the State of Texas seeks to compel the Debtors to provide notice to these creditors and further, in order to protect the consumers from undue risk of identity theft or other unlawful injury, to seal the list of the consumer victims in this case (including any proofs of claim filed by the defrauded consumers).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

1.    On September 19, 2014, the State filed a lawsuit against the Debtors and related entities in the Bexar County District Court, 407th Judicial District.  *State of Texas v. George Allen Driskell, Jr., Alejandra Driskell a/k/a Alejandra Alverez de Dyer d/b/a Driskell Alejandra Legal Assistance Services, Amy Louise Monkman, Laura Maria Hernandez and Omar Diaz*, cause no. 2014-CI-15005, in the Bexar County, Texas District Court, 407th Judicial District (the "state court action").

2.    The State alleges that Debtors engaged in false, misleading, and deceptive acts and practices in violation of sections 17.46 and 17.49 of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE and sections 406.017 (unlawful solicitation of compensation and preparation of immigration forms) and 406.024 (fees charged by a notary public) of the Texas Government Code.

3.    The State alleges, *inter alia*, that the Debtors fraudulently operated an

2

immigration law firm in Bexar County, Texas. The Debtors are not attorneys, yet they solicited and offered legal services to consumers nationwide in exchange for compensation. The Debtors charged consumers between $500.00 and $10,000.00 for legal services and made over $100,000.00 in a one year period from the operation of their fraudulent business. Many of the consumers never received the services for which they paid and have suffered both financial and other harms.

4.      The Debtors filed the instant Chapter 7 case on October 14, 2014 and as of the date of filing this motion, have not provided notice of the Bankruptcy Case to the consumers. The Debtors' Schedule F (unsecured creditors) is nineteen pages long, but does not appear to list any former "clients." Rather, the only individuals named therein appear to be attorneys and/or law firms.

5.      The State contends that the consumers in this case have been victimized by the Debtors and have suffered myriad harms. In addition, many of the consumers in this case are likely to have an ongoing need for immigration services and, to the extent that they are publicly identified in any filings with the Court, would potentially be subject to being re-victimized by other fraudulent actors in this arena.

### III.      <u>RELIEF REQUESTED</u>

6.      Under § 107(b) and (c), in limited circumstances, a court may deny access to judicial documents, generally where open inspection may be used as a vehicle for improper purposes. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (citing *In re Caswell*, 18 R.I. 835, 836, 29 A. 259 (1893) (court can insure its records are not used to promote public scandal) and *Schmedding v. May*, 48 N.W. 201, 202 (1891) (court can protect records

3

which contain business information that might harm litigant's competitive standing)).[1]

      7.    Section 107(c)(1) provides that

[t]he bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property.

11 U.S.C. § 107(c)(1).

      8.    Although counsel has been unable to find any specific case authority pursuant to Section 107(c)(1), there is precedent for sealing the names of victims in consumer fraud bankruptcy cases in order to protect consumers from undue risk of identity theft or other unlawful injury. *See e.g.*, *In re TAXMASTERS, INC.*, case no. 12-32065, United States Bankruptcy Court for the Southern District of Texas, Order at Dkt. 88 (copy attached as Exhibit A); *In re JK Harris and Company, LLC,* case no. 11-06254, United States Bankruptcy Court for the District of South Carolina, Order at Dkt. 45 (copy attached as Exhibit B); *In re Debt Relief USA*, *Inc.*, case no. 09-33836-SGJ-11, United States Bankruptcy Court for the Northern District of Texas, Dallas Division, Order at Dkt. 13 (copy attached as Exhibit C).

      9.    The State of Texas respectfully asserts that the Debtors should be compelled to immediately provide notice of the Bankruptcy Case to their former clients and that the identities and addresses of those consumers (upon information and belief, individuals with a need for immigration services) should be protected from public disclosure as this information arguably constitutes the sort of sensitive information that Section 107(b)(2) and/or 107(c)(1) were

---

[1] *See also See e.g.*, *In re Faucett*, 438 B.R. 564, 568 (W.D. Tex. 2010) (protecting information disclosing the identity of customers under Section 107(b)(2)); *see also In re Frontier Group, LLC*, 256 B.R. 771, 774 (E.D. Tenn. 2000) (physician list of a debtor-corporation that procured and assigned physicians to temporary positions in emergency rooms considered confidential commercial information); *In re Nunn*, 49 B.R. 963, 965 (E.D. Va. 1985) (customer list of creditor protected)

designed to protect.   The fact that an individual may be having immigration problems significant enough to warrant the assistance of an immigration representation firm is likely not public information and, upon information and belief, customers likely believed this information would be kept confidential.   Moreover, the disclosure of the consumers' identities could potentially subject them to further acts of fraud due to their continuing need for immigration services.

WHEREFORE, the State respectfully requests that the Court order the Debtors to provide notice to these consumers and that any filings containing the identity of the Debtors' former clients be placed under seal as provided for by Section 107 and pursuant to the Court's equitable powers under Section 105(a).   The State further requests that the Debtors be ordered to file a certificate of service setting forth the total number of former clients they have served with notice of the case, the total amount of money that those consumers paid to the Debtors for immigration services, and in what states the former clients reside.

The State further respectfully requests that the Court place this information under Seal with access restricted to the following: clerk and court personnel, Chapter 7 Trustee, Trustee's counsel if any, Office of the Attorney General of Texas and Office of the U.S. Trustee.   In addition, the State would voice no opposition to person(s) or entity(ies) seeking to review this information be allowed to do so upon a showing of good cause and entry of a suitable protective order.   Finally, the State requests such additional relief as is just and proper.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

5

JOHN B. SCOTT
Deputy Attorney General for Civil Litigation
RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/    Hal F. Morris*
HAL F. MORRIS
Texas State Bar No. 14485410
ASHLEY F. BARTRAM
Texas State Bar No. 24045883
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 482-8341
E-mail: *hal.morris@texasattorneygeneral.gov*
         *ashley.bartram@texasattorneygeneral.gov*

ATTORNEYS FOR THE STATE OF TEXAS

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on November 13, 2014, a true and correct copy of the foregoing was served by the Court's Electronic Filing System on all parties requesting notice in this proceeding and mailed by U. S. Mail First Class, postage prepaid to the following parties:

| | |
|---|---|
| George Allen Driskell, Jr. | Joris Robert Vanhemelrijck |
| 62 Falls Terrace | Vanhemelrijck Law Offices, LP |
| Boerne, TX 78015 | 1100 NW Loop 410, Suite 215 |
| | San Antonio, TX 78213 |
| ***Debtor*** | |
| | ***Counsel for Debtors*** |
| | |
| Alejandra Alvarez De Dyer | Jose C Rodriguez |
| 62 Falls Terrace | 342 W Woodlawn, Suite 103 |
| Boerne, TX 78015 | San Antonio, TX 78212 |
| | |
| ***Debtor*** | ***Chapter 7 Trustee*** |

*/s/ Hal F. Morris*
Hal F. Morris
Assistant Attorney General

7